# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUZONNE SMITH | CIVIL ACTION |
| VERSUS | NO: 18-6635 |
| TANGIPAHOA PARISH SCHOOL BOARD | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion in Limine** to Exclude Identified Witnesses as Experts, or Alternatively, to Limit Testimony (Rec. Doc. 20) filed by defendant, Tangipahoa Parish School Board ("TPSB"), is **DENIED**.

In this motion in limine, defendant complains that plaintiff has failed to make timely Federal Rule 26(a)(2) disclosures under the court's scheduling order, and thus, certain of plaintiff's physician's should be prevented from testifying as experts, or alternatively, their testimony should be limited.

Under the court's scheduling order, written reports of experts as defined by Federal Rule 26(a)(2)(B) who may be witnesses for plaintiff were required to be provided to TPSB not later than April 8, 2019. Rec. Doc. 11. On January 22, 2109, plaintiff provided initial disclosures to TPSB, which included a list of three treating healthcare providers. On May 22, 2019, plaintiff submitted responses to interrogatories which listed seven healthcare providers who may be called (including the three named in the initial disclosures). Plaintiff stated in her responses that she intended "to call any and all treating healthcare providers to testify as fact and/or as expert

witnesses as permitted by the court. The healthcare providers may testify as to their evaluations, examinations, and treatment of the Plaintiff, as well as any opinions derived therefrom." However, TPSB complains that plaintiff did not provide any expert reports or other documentation to establish the providers' expertise, or summaries of the facts and opinions to which the treating physicians would testify. Plaintiff did provide copies of the medical records for five of the seven providers.

Based on these events, TPSB argues that under Federal Rule 26(a)(2)(B), because plaintiff failed to accompany her expert designations with a written report by the April 9, 2019 deadline, plaintiff's experts should be excluded. And, to the extent plaintiff intends to call the witnesses as treating providers, TPSB argues that she failed to submit the required summary of the facts and opinions to which the witnesses will testify. Moreover, TPSB contends that the supplied medical records for five providers does not satisfy the summary requirement. TPSB seeks the exclusion or limiting of the treating providers' testimony as a sanction pursuant to Federal Rule 37. Under Rule 37, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff opposes, arguing that expert reports are not required because they are only required under Federal Rule 26(a)(2)(B) "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Plaintiff posits that none of the persons whose testimony is the

2

subject of the instant motion have been retained or identified as expert witnesses subject to this rule. To the contrary, they are plaintiff's treating physicians and intend to testify as such. However, plaintiff admits she did not provide the summaries required by Rule 26(a)(2)(C) for any of her healthcare providers. Nevertheless, she contends that exclusion is not warranted when such a failure is substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff acknowledges that her failure was not justified, but argues that it was harmless.

To determine whether a violation of Rule 26 is harmless under Rule 37(c), the court considers: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and, (4) the explanation for the party's failure to disclose. Tex. A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir.2003).

Plaintiff has asserted claims, inter alia, under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), the Federal Rehabilitation Act, 29 U.S.C. § 701, *et seq.* ("FRA"), and the Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq. ("LEDL"). To prevail on her FMLA claim, plaintiff must demonstrate that she has a "serious health condition" that renders her "unable to perform the functions of" her position. 29 U.S.C. § 2612(a)(1)(D). To prevail on her FRA claims, plaintiff must demonstrate that she has a "disability" as defined in the FRA and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). To prevail on her claims under the LEDL, plaintiff must demonstrate that she is a "person with a disability," meaning that she "has a physical or mental impairment which substantially limits one or more of the major life activities, or has a record of such an

3

impairment, or is regarded as having such an impairment." La. R.S. 23:322, 323. Accordingly, the testimony of plaintiff's treating physicians is not merely important, it is critical.

Allowing the testimony of plaintiff's treating physicians will cause little, if any, prejudice to the defendant. All of the treating healthcare providers were disclosed to the defendant four months prior to the trial. Moreover, the trial is nearly two months away, which permits adequate time for defense counsel to prepare its cross-examination, without the necessity of a continuance. While plaintiff has not explained why she failed to disclose this information, the court finds that omission was harmless, and can be cured by plaintiff's expeditious provision of the Federal Rule 26(a)(2)(C) summary of facts and opinions to which her treating providers will testify. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion in Limine** to Exclude Identified Witnesses as Experts, or Alternatively, to Limit Testimony (Rec. Doc. 20) filed by defendant, Tangipahoa Parish School Board ("TPSB"), is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's counsel shall provide Federal Rule 26(a)(2)(C) summary of facts and opinions to which her treating providers will testify within **seven (7) days** of entry of this order.

New Orleans, Louisiana, this 15th day of July, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**