# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUZONNE SMITH | CIVIL ACTION |
| VERSUS | NO: 18-6635 |
| TANGIPAHOA PARISH SCHOOL BOARD | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Partial Summary Judgment** (Rec. Doc. 22) is **DENIED**.

## BACKGROUND

Plaintiff was employed for seven years as an Office Assistant II in the special Education Department of the Tangipahoa Parish School Board ("TPSB"). In 2011, she was diagnosed with Bipolar Affective Disorder. Beginning in the 2013-2014 school year, plaintiff began struggling with attendance issues. In April 2014, in a meeting to discuss plaintiff's absences and tardiness with Cheryl Braud, the Director of Special Education, Ronald Genco, the Director of Human Resources, and Thomas Bellavia, the Assistant Superintendent of Human Resources, plaintiff informed defendants of her bipolar disorder and explained that the absences and tardiness were related to her bipolar disorder.

On June 15, 2015, plaintiff wrote a letter to Bellavia requesting two accommodations for her disability, a modification to the TPSB leave policy, permitting Smith to have flexible, unpaid leave, and a transfer to a different position. Included with the letter was a letter from her

physician indicating that because of her diagnosis, which involved periods of acute worsening of symptoms, she would intermittently need time off of work, sometimes with little or no prior notice. According to TPSB, a different position was not available, but it accommodated her by allowing her to leave with little or no prior notice as needed for symptoms associated with the bipolar diagnosis. Also according to TPSB, with this accommodation, plaintiff was able to perform the essential functions of her job.

Notwithstanding the accommodation, TPSB contends that during the 2016-2017 school year, plaintiff was absent for all or part of a day on 43 occasions. Plaintiff does not dispute that only 11 or 12 of the 43 absences were related to her bipolar disorder.

On July 11, 2017, plaintiff was terminated for excessive absences, failure to adequately notify her supervisor of planned absences, and failure to properly input important data. On July 11, 2018, plaintiff filed the instant suit, asserting claims under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), the Federal Rehabilitation Act, 29 U.S.C. § 701, et seq. ("FRA"), and the Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq. ("LEDL"). In the instant motion, plaintiff seeks partial summary judgment on liability for her FMLA claim.

## APPLICABLE LAW

*Summary Judgment standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary

judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2509-10 (1986). In determining whether there is a dispute as to a material fact, the court considers all of the evidence in the record and draws all reasonable inferences in favor of the nonmoving party, but does not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).

*FMLA interference claims*

Under the FMLA, an eligible employee with a "serious health condition that makes the employee unable to perform the functions of the position of such employee" is entitled to up to twelve weeks of medical leave. 29 U.S.C. § 2612(a)(1)(D). The FMLA, in what is sometimes called the "interference clause," also makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the FMLA. 29 U.S.C. § 2615(a)(1). "The failure to notify an employee of her rights under the FMLA can constitute interference if it affects the employee's rights under the FMLA." Burnette v. Rategenius Loan Servs., 2016 WL 3004671, at *2 (W.D. Tex. May 23, 2016), aff'd, 671 F. App'x 889 (5th Cir. 2016)(internal citations and quotations omitted).

In this case, plaintiff claims that defendant interfered with her exercise of her FMLA rights, because she effectively provided notice to TPSB on at least six occasions of her need for leave, which should have triggered TPSB to provide required FMLA eligibility notices, FMLA

3

rights and responsibilities notices, and FMLA designation notices. See 29 C.F.R. § 825.300 (b), (c), and (d). However, plaintiff contends that none of the required notices were provided.

To establish a prima facie interference case, a plaintiff must show that "(1) she was an eligible employee, (2) [defendant] was an employer subject to the FMLA's requirements, (3) she was entitled to leave, (4) she gave proper notice of her intention to take FMLA leave, and (5) [defendant] denied her the benefits to which she was entitled under the FMLA." Lanier v. Univ. of Texas Sw. Med. Ctr., 527 F. App'x 312, 316 (5th Cir. 2013).

## DISCUSSION

There is no dispute that the first element, that plaintiff was an eligible employee, and the second, that defendant was an employer subject to FMLA requirements, were met. However, with respect to the third element, that plaintiff was entitled to FMLA leave, defendant argues that FMLA leave is only available when a serious health condition renders an employee unable to perform the function of her job, and with the accommodations made by TPSB, plaintiff was able to perform her job. See 29 U.S.C. § 2612(a)(1)(D); see also Burnette, 2016 WL 3004671, at *3 (holding that if employee is able to perform his job with the accommodation of being allowed to work from home, he does not qualify as a person "unable to perform the functions of his position" for FMLA eligibility). In so arguing, defendant points to plaintiff's deposition testimony acknowledging the accommodation that she was allowed to take leave as needed if she advised Ms. Braud that she was leaving because of her bipolar disorder.[1] Plaintiff also agreed

---

[1] Depo. of Suzonne Smith, Rec. Doc. 22-4, p. 103:4-13.

that the accommodation enabled her to perform her job.² However, plaintiff has also averred that her bipolar disorder rendered her, on occasion, to be temporarily unable to function in a work environment.³

On this record, the court finds that a disputed material fact issue exists with respect to whether plaintiff was able to perform her job with the accommodations made by TPSB. Thus, plaintiff has not established the third element to state an interference claim, i.e., that she was entitled to FMLA leave. Accordingly, partial summary judgment is not appropriate. Having so concluded, the court at this juncture pretermits consideration of whether plaintiff gave proper notice of her intention to take FMLA leave, and whether defendant denied her the benefits to which she was entitled under the FMLA. Therefore,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Partial Summary Judgment** (Rec. Doc. 22) is **DENIED**.

New Orleans, Louisiana, this 18th day of July, 2019.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

² Id. at p. 105:24-106:10; see also, Rec. Doc 21-5, p. 22, Exh. O (Letter from Cheryl Braud to Suzonne Smith, 11/12/15).

³ Rec. Doc. 22-13, ¶ 8, Decl. of Suzonne Smith.